Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| CARELIA CARDONA ROSA<br><br>Peticionaria<br><br>v.<br><br>YAMIL FONSECA SALGADO<br><br>Recurrido | KLCE202201314 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Civil Núm.: NSRF201300853<br><br>Sobre: Alimentos |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2023.

Comparece ante nos la señora Carelia Cardona Rosa ("Sra. Cardona Rosa" o "Peticionaria"), mediante *Solicitud de Certiorari*. Nos solicita que revoquemos una *Orden* emitida y notificada el 11 de octubre de 2022, por el Tribunal de Primera Instancia, Sala Superior de Fajardo ("foro primario" o "foro *a quo*"). Por virtud de esta, el foro *a quo* declaró *No Ha Lugar* la solicitud de desacato presentada por la Peticionaria.

Por los fundamentos que expondremos a continuación, **expedimos** el auto de *certiorari* y **revocamos** el dictamen recurrido.

## I.

Los hechos que inician la presente controversia tienen su génesis cuando el 4 de septiembre de 2013, la Sra. Cardona Rosa, instó una *Demanda de Alimentos Bajo el Procedimiento Judicial Expedito*. En la misma, solicitó que se fijara una pensión alimentaria a favor de la hija menor de edad habida entre esta y el señor Yamil Fonseca Salgado ("Sr. Fonseca Salgado" o "Recurrido").

Así las cosas, el 17 de diciembre de 2013, el Examinador de Pensiones Alimentarias ("EPA") fijó una pensión provisional de

$867.61 mensuales y estableció que el Recurrido debía cubrir el 83.02% de los gastos médicos y extraordinarios que no cubra el plan médico de la menor. El 28 de diciembre de 2013, el foro primario emitió *Resolución* en la que le acogió la pensión provisional fijada por el EPA.

Posteriormente, el 27 de abril de 2021, se celebró la vista de pensión alimentaria ante el EPA. En esta, las partes informaron que habían llegado a una estipulación de pensión alimentaria. Por virtud de dicho acuerdo, efectivo el 4 de septiembre de 2013, el Sr. Fonseca Salgado debía pagar una suma de $400.00 quincenales, a ser enviados a través de Administración para el Sustento de Menores ("ASUME"). Así también, las partes acordaron que los gastos de educación y los gastos médicos no cubiertos serían sufragados a razón de 58% por el Recurrido y 42% por la Peticionaria. Dichos acuerdos fueron acogidos por el foro primario mediante *Resolución* emitida y notificada el 6 de mayo de 2022.

Transcurridos varios trámites procesales, el 8 de octubre de 2021, notificada el día 12 del mismo mes y año, el foro primario emitió *Resolución y Orden*. Por virtud de esta, estableció que el Sr. Fonseca Salgado había acumulado una deuda de pensión ascendente a $39,394.72, de los cuales $7,200.00 correspondían a "la deuda post tercera petición de Quiebras" y los restantes $32,194.72 "como deuda previa a la tercera petición de quiebras". Además, se ordenó al Recurrente a sufragar una suma de $5,000.00 como honorarios de abogados en el caso de alimentos y $2,500.00 en concepto de honorarios por temeridad.

En vista del incumplimiento del Recurrente y luego de varios trámites procesales, el 24 de noviembre de 2021, la Peticionaria presentó *Moción Informativa y Solicitando se Dicte Desacato y Orden de Arresto del Demandado.* Mediante esta, solicitó que el foro primario tomara conocimiento judicial de que el Departamento de

Justicia Federal instó una acusación contra el Recurrido por un alegado esquema de fraude al presentar cinco casos separados en la Corte de Quiebras de Estados Unidos, con el propósito de defraudar y obviar los pagos de pensión alimentaria de otra hija menor de edad de este. Además, solicitó que se encontrara incurso en desacato y se ordenara el pago de la deuda de pensión alimentaria, puesto que el Recurrido había incumplido con la obligación fijada por el foro primario mediante *Resolución y Orden* del 8 de octubre de 2021.

El 5 de agosto de 2022, notificada el 8 del mismo mes y año, el foro primario emitió *Orden,* en la que ordenó a la Peticionaria a proveer el balance actualizado de la deuda y/o certificación de ASUME, "para proceder con el desacato". En cumplimiento con lo ordenado, la Peticionaria sometió *Certificación* de ASUME, informando que la deuda ascendía a $43,0394.72. Posteriormente, el 12 de agosto de 2022, notificada el 18 del mismo mes y año, el foro a quo emitió Orden, certificando la deuda y le concedió un término de veinte (20) días para que el Recurrido mostrara causa por la cual no debía ordenar su arresto.

El 23 de agosto de 2022, el Sr. Fonseca Salgado presentó un escrito intitulado *Moción Informativa y en Cumplimiento de Orden Notificada el 18 de agosto de 2022*. Alegó que había cumplido con los pagos de pensión alimentaria fijada por el foro primario, así como con el plan de pago de la deuda establecido por ASUME. Señaló que, hasta ese momento, había pagado una cantidad de $12,000.00 en concepto de pensión y $2,760.00 del plan de pago de la deuda. Acompañó certificación de ASUME intitulada *Cuadre del Caso*.

Atendidas las mociones presentadas por las partes, el 31 de agosto de 2022, notificada el 7 de septiembre del mismo año, el foro *a quo* emitió *Orden* en la que ordenó al Recurrido a aclarar las razones por las cuales no surge de su certificación pago alguno desde junio de 2021 hasta mayo de 2022.

Así las cosas, el 14 de septiembre de 2022, el Recurrido presentó *Moción Informativa y en Cumplimiento de Orden del 12 de agosto de 2022 y Notificada por Segunda Vez el 7 de septiembre de 2022.* En esta, arguyó que la certificación de ASUME titulada *Cuadre de Caso* refleja que el último pago de pensión emitido fue el 30 de agosto de 2022 por la cantidad de $460.00. Señaló que la solicitud de desacato presentada por la Peticionaria es un intento indebido de ejercer presión en los tribunales y es contraria a la certificación de ASUME.

En oposición, el 6 de octubre de 2022, la Peticionaria presentó *Réplica en Cumplimiento de Orden.* Mediante esta, argumentó que el Recurrido había dejado de pagar la pensión alimentaria desde el 2013 y no fue hasta junio de 2022 que comenzó a emitir pagos. Sostuvo que el alegado plan de pago de ASUME que menciona el Recurrido no ha sido autorizado por el foro primario, por lo que debía dejarse sin efecto. Por tanto, reiteró su solicitud de que se encontrara al Recurrido incurso en desacato y se ordenara su encarcelamiento por el incumplimiento reiterado con su obligación de pensión alimentaria y otros remedios bajo la *Ley Orgánica de la Administración Para el Sustento De Menores,* Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, 8 LPRA sec. 501 *et seq.,* ("Ley Núm. 5").

Evaluados los argumentos presentados por las partes, el 3 de octubre de 2022, el foro *a quo* emitió y notificó la *Orden* recurrida, mediante la cual declaró *No Ha Lugar* la solicitud de desacato presentada por la Peticionaria. En desacuerdo, el 25 de octubre de 2022, la Peticionaria presentó *Moción de Reconsideración y Solicitud de Determinaciones de Hechos y Derecho*, la cual fue declarada *No Ha Lugar* mediante *Orden* emitida el 27 de octubre de 2022, notificada el 1 de noviembre del mismo año. Por virtud de esta, el foro primario emitió las siguientes expresiones:

**En el ejercicio de la amplia discreción que tiene el Tribunal, para utilizar los mecanismos en Ley, como el desacato, para hacer cumplir sus órdenes cuando así lo entienda necesario el Tribunal dispone: No Ha Lugar**. (Énfasis nuestro).

Inconforme aún, el 1 de diciembre de 2022, la Sra. Cardona Rosa acudió ante esta Curia y le imputó al foro primario la comisión de los siguientes errores:

Erró el TPI al no encontrar incurso en desacato a la parte recurrida toda vez que ha incurrido en un incumplimiento reiterado del pago de pensión alimentaria.

Erró el TPI al no ordenar a la parte recurrida al pago de los $42,334.72 que adeuda por concepto de pensión alimentaria, o una cantidad sustancial, so pena de encarcelamiento.

Erró el TPI al no imponer las medidas para asegurar el cumplimiento de pago de pensión que dispone la Ley Especial para el Sustento de Menores.

Erró el TPI y abusó de su discreción al no señalar vista para la modificación de la cantidad del plan de pago impuesto por ASUME a la parte recurrida a pesar de que tal plan de pago y cantidad resultan ser irrazonables y no acorde a la Ley de Sustento de Menores.

Erró el TPI al declarar No Ha Lugar la solicitud de la peticionaria para que ordenara el pago de honorarios de alimento y honorarios por temeridad que fueron previamente concedidos por el propio tribunal.

El 9 de enero de 2023 la parte Recurrida presentó *Oposición a la Expedición del Auto de Certiorari.* Posteriormente, el 20 de enero de 2023, el Recurrido presentó un escrito intitulado *Moción Informativa y en Apoyo a la Oposición a la Expedición del Auto de Certiorari,* en la que alegó que procedía la desestimación del recurso por académico. En particular, expuso que el EPA citó a las partes para una vista de revisión de pensión alimentaria a celebrarse el 1 de febrero de 2023, tornando académica la controversia presentada ante este foro.

Con el beneficio de la comparecencia ambas partes, procedemos a exponer la normativa jurídica aplicable al caso de autos.

## II.

### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Véase Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari.* Estos criterios son:

(A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### C. Desacato civil

El desacato civil es el mecanismo mediante el cual los tribunales obligan a cumplir sus órdenes, cuando la parte obligada ha hecho caso omiso. *Srio. D.A.C.O. v. Comunidad San José, Inc.,* 130 DPR 782 (1992). La Constitución de Puerto Rico prohíbe el encarcelamiento por deudas para vindicar los intereses primordialmente privados. Constitución PR, Art. 11, Sec. 11. No obstante, como excepción a la prohibición constitucional, el tribunal puede ordenar el encarcelamiento por desacato civil, por el incumplimiento de una pensión alimentaria. *Umpierre Matos v. Juelle, Mejía,* 203 DPR 254 (2019). La obligación de proveer alimentos es de tal jerarquía y protege tan alto interés que, el

encarcelamiento por deudas de alimentos figura como excepción a la prohibición constitucional. El objetivo es obligar el cumplimiento de una responsabilidad de mayor rango. *Íd*, pág. 268, citando a *Srio. D.A.C.O. v. Comunidad San José, Inc., supra*, pág. 803.

El desacato civil es el mecanismo asequible para lograr el encarcelamiento de una alimentante que ha incumplido con las órdenes judiciales que le imponen el deber de proveer alimentos. *Umpierre Matos v. Juelle, Mejía, supra,* citando a *Rodríguez Avilés v. Rodríguez Beruff*, 117 DPR 616, 626-627 (1986). A diferencia del desacato criminal, el desacato civil tiene un propósito reparador y no punitivo. El carácter reparador es de singular importancia, ya que es precisamente lo que da paso a que se reconozca la excepción a la prohibición constitucional contra el encarcelamiento por deudas. *Srio. D.A.C.O. v. Comunidad San José, Inc., supra*.

La figura del desacato civil permite que se imponga una penalidad por un término indefinido, efectivo hasta tanto el demandado cumpla con su obligación primaria de pagar alimentos. *Umpierre Matos v. Juelle, Mejía, supra.* El demandado es quien tiene la llave de la puerta de la prisión. Su uso debe limitarse a aquellos casos en que hubiera una desobediencia voluntaria y obstinada a una orden o sentencia concediendo alimentos y en los que la encarcelación del desacatador pueda surtir el efecto de dar al alimentista la reparación necesaria. *Íd.*

De conformidad, el Artículo 31 (2) y (3) de la precitada Ley Núm. 5, *supra,* dispone sobre el desacato lo siguiente:

> 2. El procedimiento de desacato, civil o criminal, que se realiza en el Tribunal de Primera Instancia se incorpora a esta Ley como uno de los mecanismos para compeler al cumplimiento de las órdenes emitidas por el Tribunal, las emitidas por el Administrador o el Juez Administrativo y para hacer efectiva cualquier orden de pensión alimentaria para beneficio de un o una menor de edad.
>
> 3. **Ante cualquier escrito o moción por medio de la cual se solicite que se encuentre a la parte alimentante incursa en desacato por haber incumplido una orden de pensión alimentaria emitida por el Tribunal**, por el

Administrador, por el Juez Administrativo o por el Tribunal de otro estado o de un país extranjero en casos intergubernamentales; el Tribunal: (a) **calendarizará una vista cuyo señalamiento será diligenciado;** (b) **resolverá por escrito** y (c**) notificará a las partes dentro de un término no mayor de veinte (20) días laborables que se contará a partir de la fecha de presentación del escrito o moción.** 8 LPRA sec. 529 (2) y (3). (Énfasis nuestro).

### III.

En el caso ante nuestra consideración, la parte Peticionaria nos invita a revocar la *Orden* emitida el 3 de octubre de 2022, en la que el foro primario denegó su petición de desacato y encarcelación contra el Recurrido. Arguye que el Recurrido ha acumulado una deuda ascendente a más de $40,000.00 la cual esta vencida, es líquida y exigible. Siendo así, procede que se celebre una vista, donde se le exija el pago total de la deuda o un monto sustancial, so pena de encarcelamiento.

Por su parte, la parte Recurrida nos alega que el presente recurso es uno académico, toda vez que la EPA citó a las partes a una vista de revisión de pensión alimentaria. Señala que no procede el desacato puesto que el foro primario tiene el deber de auscultar cual es el mejor interés de la menor y la nueva realidad económica del padre alimentante. Arguye, además, que el recurso es tardío, puesto que la Peticionaria no cumplió con los requisitos dispuestos en la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R.47, y su moción de reconsideración no interrumpió el término para presentar el recurso de *certiorari.*

Antes de entrar en los méritos de la controversia ante nuestra consideración, nos corresponde atender los planteamientos de la parte Recurrida con respecto a nuestra jurisdicción. El Recurrido sostiene que la Peticionaria instó su recurso transcurridos los treinta (30) días dispuestos en la Regla 52.2 (b) de Procedimiento Civil, *supra,* R.52.2, toda vez que su moción de reconsideración no tuvo el efecto de interrumpir los términos para acudir ante esta

Curia por no cumplir con el requisito de especificidad. No le asiste la razón.

> Según dispone la Regla 47 de Procedimiento Civil, s*upra:* La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que la parte promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
>
> [...].
>
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la *resolución resolviendo la moción de reconsideración.* (Énfasis nuestro).

Luego de evaluar la solicitud de reconsideración instada por la parte Peticionaria, a la luz de las disposiciones de la Regla 47 de Procedimiento Civil, *supra*, determinamos que el escrito cumplió con el requisito de especificidad. La Peticionaria presentó un trasfondo procesal de los alegados incumplimientos por parte del Recurrido, con las órdenes emitidas por el foro primario y sustentó en derecho su petición de desacato. En el presente caso, la *Orden* recurrida fue emitida y notificada el 11 de octubre de 2022. Oportunamente y en cumplimiento con los requisitos dispuestos por la Regla 47 de Procedimiento Civil, *supra*, el 25 de octubre del 2022, la Peticionaria presentó una solicitud de reconsideración, la cual fue resuelta el 17 de octubre de 2022, notificada el 1 de noviembre del mismo año. En vista de ello, la Peticionaria tenía hasta el 1 de diciembre de 2022 para acudir ante este foro apelativo, lo cual realizó en dicho término. Por virtud de lo anterior, resolvemos que el recurso de *certiorari* ante nuestra consideración fue incoado dentro del término dispuesto en ley para su presentación.

Establecido el análisis anterior, nos corresponde resolver si erró el foro primario al denegar la solicitud de desacato instada por la parte Peticionaria sin la celebración de una vista. Veamos.

En el presente caso, el foro primario fijó una pensión alimentaria a favor de la hija de las partes de $400.00 quincenales,

a ser sufragados mediante ASUME. Surge del expediente, que el 8 de octubre de 2021, el foro *a quo* emitió *Resolución y Orden,* en la que ordenó al Recurrido a sufragar las cuantías adeudadas en concepto de pensión alimentaria que ascendían a $39,394.72, más unas sumas en concepto de honorarios de abogado. Ante el reiterado incumplimiento del Recurrido con la pensión fijada, la Peticionaria presentó dos mociones solicitando desacato y el encarcelamiento del Recurrido. El 12 de agosto de 2022, el foro primario emitió *Orden,* donde certificó la deuda de alimentos ascendía a $43,034.72 y ordenó al Recurrido a mostrar causa por la cual no se debía ordenar su encarcelamiento ante los incumplimientos reiterados con su obligación alimentaria.

A raíz de la *Orden* emitida por el foro *a quo,* el Recurrido presentó escritos donde alegaba que estaba cumpliendo con los pagos de pensión y con un alegado plan de pago fijado por ASUME. Sin embargo, la Peticionaria reiteró su solicitud de desacato. Evaluados los argumentos de las partes, el foro primario emitió *Orden*[1] en la que declaró *No Ha Lugar* la solicitud de desacato. En desacuerdo, la Peticionaria presentó una solicitud de reconsideración, la cual fue denegada por el foro primario con las siguientes expresiones:

> En el ejercicio de la amplia discreción que tiene el Tribunal, para utilizar los mecanismos en Ley, como el desacato, para hacer cumplir sus órdenes cuando así lo entienda necesario el Tribunal dispone: No Ha Lugar.

Como puede observarse, el foro primario denegó de plano la solicitud de desacato instada por la parte Peticionaria, sin la celebración de una vista. Según expusimos, en los casos donde una parte se niegue a cumplir con las órdenes del tribunal, se tendrá disponible el mecanismo del desacato. *Umpierre Matos v. Juelle,*

---

[1] Cabe destacar que el presente caso ha estado ante la consideración de varios jueces del foro primario, siendo el Honorable Obdulio E. Meléndez Torra el juez que emitió la determinación recurrida.

*Mejía, supra.* La Ley Núm. 5, *supra,* dispone en su Artículo 31 que este mecanismo estará disponible "para hacer efectiva cualquier orden de pensión alimentaria para beneficio de un o una menor de edad." 8 LPRA sec. 529 (2). Ante una petición mediante la cual se solicite que se encuentre a la parte alimentante incursa en desacato por haber incumplido una orden de pensión, el Tribunal deberá calendarizar una vista cuyo señalamiento sea diligenciado. Además, debe resolver por escrito y notificar a las partes de su determinación. 8 LPRA sec. 529 (3).

En el caso de marras, es evidente que el foro primario abusó de su discreción al denegar la petición de desacato instada por la Peticionaria sin la celebración de una vista. Aún cuando reconocemos que el desacato es un mecanismo que debe limitarse a aquellas circunstancias donde se ha demostrado una desobediencia voluntaria y obstinada a una orden o sentencia concediendo alimentos, el foro primario debía dilucidar los méritos de la solicitud de la Peticionaria, ante un reclamo de una deuda ascendente a más de $42,000.00 en alimentos.

En cuanto a la alegación del Recurrido de que la controversia es académica, resolvemos que no le asiste la razón. En el presente caso nos encontramos ante un reclamo de desacato por el incumplimiento del Recurrido con su obligacion de pagar la pensión. El hecho de que la EPA señale una vista de revisión en nada impide que se dilucide si el Recurrido debe ser encontrado incurso en desacato por no cumplir con su obligacion alimentaria. Por lo que, resolvemos que procede que el foro primario celebra una vista de desacato y dilucide los méritos de la reclamación de la Peticionaria.

**IV.**

Por los fundamentos expuestos, **expedimos** el auto de *certiorari* y **revocamos** el dictamen recurrido. En consecuencia,

devolvemos el caso ante el foro primario para señale la vista de desacato.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones